**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MARISOL VELEZ-RUIZ,**<br><br>     Plaintiff,<br><br>     v.<br><br>**CENTRO RADIOLOGICO ROLON, INC.,**<br><br>     Defendant. | CIVIL NO. 15-1021 (PG) |

**ORDER**

On January 31, 2015, Plaintiff Marisol Velez-Ruiz (hereinafter "Plaintiff" or "Velez") filed this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1001 *et seq.,* against her former employer Centro Radiologico Rolon, Inc. ("Defendant" or "CRR"), alleging discrimination and harassment amounting to a hostile work environment on the basis of age, as well as retaliation for engaging in protected conduct.[1] See Docket No. 1. Velez alleges that **beginning in 2010**, she was subjected to a myriad of discriminatory and retaliatory employment actions, including an increase of her functions and duties, negative performance evaluations, termination threats and ageist remarks from her supervisor, suspension from employment and salary, changes in her work schedule, a demotion, a denial of vacation leave, salary reduction, a pattern of harassment and humiliation, and eventually, her termination from employment on March 4, 2014. See id. at ¶¶ 18-32. Plaintiff also claims that CRR failed to inform her of her COBRA rights even though she was a participant and beneficiary of her employer's health insurance plan. Id. at ¶ 35.

On May 28, 2015, CRR filed a motion for summary judgment *in lieu* of answering the complaint. See Docket No. 14. Defendant requests dismissal of Plaintiff's claims under the ADEA and COBRA on the grounds that CRR does not meet the statutory definition of "employer" under the ADEA or COBRA, as it did not have **(1)** at least twenty employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar

---

[1] Plaintiff pleads supplemental state law claims for unlawful termination, age discrimination and retaliation under Puerto Rico's anti-discrimination statute, Law No. 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, § 146 et seq., and Law No. 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §¶ 185a – 185m.

year," 29 U.S.C. § 630(b), or **(2)** "employed fewer than [twenty] employees on a typical business day during the preceding calendar year," 29 U.S.C. § 1161(b), respectively. See Docket No. 14 at pp. 5-8. In support of its statement of facts (Docket No. 14-2), Defendant submitted a declaration under penalty of perjury signed by CRR's treasurer, Maite Rolon-Balseiro ("Rolon"), as well as the materials referred to therein, including Quarterly Report of Wages from the Puerto Rico Department of Labor and Human Resources of Puerto Rico ("DOL-PR") for 2013 and the first quarter of 2014. Docket No. 14-2. That evidence **only** shows that during the year calendar preceding Velez' termination, from March 5, 2013 through March 4, 2014, CRR only employed 17 employees, of which 16 were full-time employees and one was a part-time employee.[2] Id.

In her opposition to the motion for summary judgment, Plaintiff first counters that for purposes of the 20-employee requirement, the relevant time period is between 2009, "the preceding year in which the discriminatory actions were taken against [her], and March 4, 2014, the date of [her] termination." Docket No. 20 at page 1. Notwithstanding, Velez continues, at all relevant times Defendant employed *at least* 23 employees, among which is a part-time employee that "had to be counted" for ADEA purposes. See id. at page 2. According to Plaintiff, the different tally is due to the fact that some of the employees were not included in CRR's payroll records or "could have been included in the payroll records of other companies." Id. To sustain her contention, Plaintiff relies solely on her sworn statement (or affidavit) ("Exhibit I," Docket No. 20-2), the contents of which are cryptic at best.[3]

According to Plaintiff, CRR's owners "are also the owners of Laboratorio Clinico Rolon, Inc. ("LCR"), and the employees of LCR performed

---

[2] The court is troubled by Defendant's failure to include in its moving papers the number of people employed by CRR during the calendar years (and/or the preceding years) in which the many adverse employment actions alleged in the complaint occurred. See Docket No. 1. Such time periods are relevant to the court's inquiry under 29 U.S.C. § 630(b) and 29 U.S.C. § 1161(b). See e.g. De Jesus v. LTT Card Services, 474 F.3d 16, 19 (1st Cir.2007). And although Defendant provided some of that information in its reply, the court believes it insufficient to fill the major evidentiary gaps on the record before us.

[3] The court encourages Plaintiff, and Defendant for that matter, to become better familiarized with the current rules of civil procedure and local rules that govern parties' summary judgment submissions, especially that which sets forth the evidentiary materials available for supporting factual assertions. See Fed.R.Civ.P. 56(c). **Any future attempt at proposing, disputing, objecting, qualifying or clarifying facts with nothing more than shamelessly self-serving, conclusory, unsupported and/or sham affidavits shall be subject to the imposition of sanctions.**

functions and duties, on a daily basis, similar to those performed by the employees in [CRR]." Docket No. 20-2 at ¶ 4. With this statement, Plaintiff intimates that when the employees of both corporations are aggregated, the statutory minimum of twenty employees is met. The lack of foundation notwithstanding, the court finds that Velez has raised a factual dispute as to whether CRR's and LCR's are so integrated as to render them a single employer. Defendant, on the other hand, did not adequately clarify or fully develop the record as to this issue.

The next paragraph of Plaintiff's sworn statement lists the names of additional employees that were excluded from Defendant's summary judgment filings. According to Velez, these employees worked at CRR or LCR during her last year of employment and, thus, should be considered for purposes of the 20-employee requirement. Docket No. 20-2 at ¶ 5. Also, she provides the names of four other individuals who allegedly worked for Defendant from 2010 to 2011. Id. at ¶ 6. However, Velez only makes a passing reference to their names, their general job titles or positions (e.g., "performed administrative functions and duties," "Secretary/billing" or "Data Entry"), and for some, provides rough estimates of their dates of employment. See id. at ¶¶ 5-6. Although Plaintiff's convoluted statements far from satisfy the requirements of Rule 56(c), they are enough to raise genuine issues of fact as to whether an employment relationship ever existed between CRR and these additional employees.[4] Thus, for the time being, Plaintiff has managed to stay aboard the proverbial sinking ship.

A motion for summary judgment can only be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.2004). The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135

---

[4] Defendant is reminded that although the employment relationship is most readily determined by an individual's appearance on the employer's payroll, payroll records are not dispositive. See Escribano-Reyes v. Prof'l Hepa Certificate Corp., 817 F.3d 380, 388 (1st Cir. 2016)(citing Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 206, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997); De Jesus, 474 F.3d at 21)(quotation marks omitted).

(2000). This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Id.

In the instant case, the parties' assertions are clearly juxtaposed as to several facts that are central to the matter at hand, to wit, whether Defendant employed the requisite number of employees during the relevant periods of time. To decide whether summary judgment is warranted would require that the court weigh the evidence and decide who is more credible, Plaintiff or Defendant. This the court cannot do. Simply put, Plaintiff's evidence "establishes factual disagreements as to which reasonable minds may differ. No more is exigible …." See Cortes-Irizarry v. Corporacion Insular De Seguros, 111 F.3d 184, 189(1st Cir.1997)(internal quotations omitted).[5] For the foregoing reasons, the court **DENIES** Defendant's motion for summary judgment at Docket No. 14.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, December 21, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**

---

[5] To say that the sworn statement in question is self-serving is putting it mildly. And yet, "[e]ven a clearly self-serving affidavit constitutes evidence which the court must consider when resolving summary judgment motions." Malave-Torres v. Cusido, 919 F.Supp.2d 198, 204 (D.P.R.2013)(citation omitted).